OPINION OF THE COURT
Ira Gammerman, J.
Plaintiff seeks an order permitting it to enter into renewal leases with the defendant tenants “without prejudice”. Plaintiff’s building at 330 West 56 Street, New York, New York, is currently subject to the Rent Stabilization Law (hereinafter RSL; Administrative Code of City of New York, § YY51-1.0 et seq.) pursuant to section 421 of the Real Property Tax Law (L 1971, ch 1207, § 1), which provides for partial tax abatements over a period of 10 years for certain newly constructed multiple dwellings. During the 10-year abatement period, section 421 requires that “the rents shall be fully subject to control” and subject to the regulations promulgated by “the local housing agency”. (Real Property Tax Law, § 421, subds 1, 2.) Those regulations require that the building owner be a member of the Rent Stabilization Association of New York City, Inc., during the period of tax exemption.
Defendant tenants’ leases expire at various times prior to June 30, 1985 (the date on which the afore-mentioned 10-year period of tax abatement and rent stabilization is to *808 end). Thus, if the tenants exercise their options for three-year renewals, as provided by RSL and the Code of the Rent Stabilization Association of New York City, Inc. (hereinafter the Code), the new leases thus entered into would be for terms extending beyond June 30,1985. Plaintiff does not wish to be bound by the provisions of such leases to the extent that they provide for tenancy at the stabilized rent after June 30, 1985.
Plaintiff offers several arguments.
First, plaintiff contends that, because it did not receive “the benefit for which it bargained” under section 421, it is no longer subject to the RSL and the Code. It claims that tax assessments for the subject property have been improperly and excessively increased, thus wiping out the benefits of the abatements afforded by section 421. Other irregularities in the collection of taxes are also claimed all of which, according to plaintiff, have the same nullifying effect on the section 421 abatements. Whatever merit there may be in plaintiff’s claims regarding assessments and taxation, these claims do not affect the relationship between landlord and tenant mandated by the RSL and the Code. The landlord’s remedy in this regard is to proceed against the city, not the tenants.
Second, plaintiff urges that its building, pursuant to the terms of section 421, is subject to rent stabilization only to the extent that the rents themselves are to be set at rent-stabilized levels during the 10-year period. Thus, it argues that provisions of the RSL and the Code requiring the landlord to offer tenants one-, two-, or three-year renewal leases do not apply to plaintiff’s building. The court does not agree. There is no provision in the RSL, the Code, or the regulations promulgated by the Housing and Development Administration for partial or associate membership in the Rent Stabilization Association. The statute is clear in its requirement that the rents shall be “fully subject to control” under the RSL. (Real Property Tax Law, § 421, subd 1.) Membership in the Rent Stabilization Association and compliance with the association’s Code (including its lease renewal provisions) constitute the mechanism by which section 421 properties are to have their rents fully subject to such control.
*809 Third, plaintiff correctly observes that, pursuant to section 421, the subject building will be destabilized as of June 30, 1985. From this, plaintiff argues that, when destabilization occurs, leases previously entered into and not yet expired should lose their legal effect. The reality of the situation is quite the opposite. The right to renew a lease pursuant to the RSL and the Code vests in the tenant upon the expiration of the lease, if at the expiration date the tenant’s apartment is still subject to the RSL. Plaintiff’s building will continue to be rent stabilized until June 30,1985. Any tenants whose leases expire before that date have the right to renewal leases and those renewal leases will have full force and effect, until they expire, notwithstanding that such expiration may occur after June 30, 1985.
In its Opinions No. 14,729, as amended (Oct. 15, 1981) and No. 20,404 (May 6, 1982), the Conciliation and Appeals Board, faced with the same question, reached the same result. As the C.A.B. observed in Opinion No. 20,404: “Sections 23A and 60 of the Code make no provision to relieve an owner of a building receiving partial tax exemption pursuant to Section 421 of the Real Property Tax Law from the requirement that it offer the tenant a one, two or three year renewal lease at the appropriate guidelines increase where the building’s partial tax exemption has not yet expired.”
Motion denied.